## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THERESA ANAYA,

      Plaintiff,

  vs.                                                               CIVIL NO. 01-1392 LH/RLP

STATE OF NEW MEXICO,
NEW MEXICO TAXATION AND
REVENUE DEPARTMENT,

      Defendant.

## REPORT AND RECOMMENDATION

THIS MATTER having come before the Court pursuant to 28 U.S.C. § 636(b)(1), the

Court having held a hearing on December 18, 2003, and after having considered the

Certificate of Proceedings from Magistrate Judge Lorenzo Garcia, makes the following

findings and recommendations:

## FINDINGS

1.      On October 11, 2002, Magistrate Judge Garcia conducted a 3 to 4 hour

settlement conference.  This settlement conference included the plaintiff and her Attorney

Patrick Bingham and counsel for the defendant, John Pound.  During this settlement

conference, the plaintiff was an active participant in the discussions and sought and

received advice from Mr. Bingham concerning the negotiations.

2.      The settlement conference conducted by Judge Garcia did not result in a

settlement on the day of the settlement conference.

3.      Thereafter, Judge Garcia made telephone inquiry through attorneys Patrick

Bingham and John Pound about the status of settlement.

4.      Attorney Pound communicated a settlement offer of $1,000.00 to Judge Garcia on October 7, 2003 and Judge Garcia communicated this settlement offer to Attorney Bingham.

5.      Attorney Bingham testified that he communicated the settlement offer to his client, Theresa Anaya, and that she needed additional time to think about the settlement offer.  After at least two phone calls with his client, Ms. Anaya told Mr. Bingham that she extended full settlement authority to her husband.  Attorney Bingham contacted Ms. Anaya's husband and her husband extended the authority to Mr. Bingham to accept the settlement.

6.      Mr. Bingham communicated with Judge Garcia that the offer of $1,000.00 was acceptable to his client.  Judge Garcia communicated with Attorney John Pound and Mr. Pound thereafter forwarded the settlement paperwork with a check to plaintiff's counsel on November 12, 2003.

Theresa Anaya now claims that Attorney Bingham did not have the settlement authority to accept the settlement on her behalf and has requested that the Court substitute counsel.

## LEGAL ANALYSIS

The policy of the law is to favor compromise and settlement.  *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483 (11th Cir. 1994); *Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc.,* 749 P.2d 90 (N.M. 1988).  An oral agreement to settle a claim is

enforceable under federal law. *Taylor v. Gordon Flesch Co.,* 793 F.2d 858 (7th Cir. 1986). Once an offer of compromise has been accepted, later repudiation of the settlement will not release the repudiating party. *Jones v. United Minerals Corp.,* 604 P.2d 1240 (N.M. 1979).

Although the enforcement and interpretation of settlement agreements in Title VII cases are governed by federal common law, the applicable principles of contract law are not different than New Mexico common law. *Heuser v. Kephart,* 215 F.3d 1186, 1191 (10th Cir. 2000). Under New Mexico law, an attorney can bind a client to a settlement. *Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc.,* 749 P.2d at 92. The New Mexico Supreme Court has found that public policy supports enforcing settlement agreements entered into by attorneys. *Id.*

## CONCLUSION

It is uncontradicted that Mr. Bingham, representing the plaintiff, communicated an acceptance of the $1,000.00 settlement offer made by Mr. Pound. His client, Ms. Anaya, denies that she gave Mr. Bingham settlement authority. However, Mr. Bingham clearly had apparent authority to accept the settlement on his client's behalf. Mr. Bingham had previously appeared at the settlement conference with his client and negotiated at that conference with her authority. None of the parties in this case had any reason to believe that Mr. Bingham did not have the settlement authority to accept the settlement offer on behalf of his client.

## RECOMMENDATION

I recommend that the Court enforce the settlement agreement between the parties. It is uncontradicted that the settlement offer made by Attorney Pound was accepted by Attorney Bingham.  Attorney Bingham had apparent authority to bind his client, Theresa Anaya.  The Court should enforce this settlement agreement and direct the parties to endorse the appropriate settlement documents within a prescribed time period and thereafter the Court should dismiss this case with prejudice.

RICHARD L. PUGLISI
United States Magistrate Judge